RECEIVED BY MAIL
NOV 2 6 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT OF COURT

FOR THE DISTRICT OF MINNESOTA

AARON RHY BROUSSARD

v.

SUSAN RICHARD-NELSON, et al.

CASE NO. 25-cv-4467-JWB/LIB

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, PURSUANT TO BIVENS V., 403 U.S. 388 (1971)

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 USC 1331 and 1343.

2. Venue is proper in this district under 28 USC 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

II. PARTIES

3. Plaintiff, Aaron Rhy Broussard, is a prisoner housed at USP Victorville in Victorville, CA.

4. Defendant, Susan Richard-Nelson, is sued in her official capacity as U.S. District Court Judge in the District of Minnesota.

5. Defendant, Thomas M. Hollenhorst, is sued in his official capacity as Assistant U.S. Attorney in the District of Minnesota.

6. Defendant, Melinda Williams, is sued in her official capacity as Assistant U.S. Attorney in the District of Minnesota.

SCANNED
NOV 2 6 2025
U.S. DISTRICT COURT MPLS

7. Defendant, Terrance Olstad, is sued in his official capacity as Law Enforcement Officer in the District of Minnesota.

## III. INTRODUCTION

8. The Controlled Substance Analogue Act of 1986 ('Analogue Act') is a provision that is intended to prevent the manufacture and distribution of chemical compounds that have similar effects to illegal drugs.

9. Under the Analogue Act, a chemical compound qualifies as a 'Controlled Substance Analogue' if its chemical structure is substantially similar to that of a Schedule I or II Controlled Substance, and if it is intended for human consumption (Collectively, 21 USC 802(32)(A) and 813).

10. This lawsuit challenges the constitutionality of the Analogue Act for its vagueness and overbreadth, as it applies to the Plaintiff, which infringes upon the rights of his under the Amendments of the United States Constitution.

## IV. FACTUAL ALLEGATIONS

11. As applied to the Plaintiff, the Analogue Act is so vague and broad that it gives discretion to law enforcement and the Courts to determine whether a chemical compound falls under the purview. This discretion leads to inconsistent enforcement, thereby violating the principle of fair notice and promoting arbitrary and discriminatory practices.

12. April 2019, the Plaintiff was charged in a multi-count indictment alleging various drug crimes involving Controlled Substances and Controlled Substance Analogues (United States v. Aaron Rhy Broussard, Case No. 19-CR-101, District of Minnesota, Indictment, Doc No. 1).

13. The counts of relevance concern the KNOWING and INTENTIONAL distributions of Fentanyl, resulting in 15 overdoses.

14. In support of the counts, the Defendants alleged that as a part of the Plaintiff's internet business, he had advertised the sale of 4-Fluoroamphetamine ('4-FA'), a chemical compound purported to be similar to the drug Adderall, but instead inadvertently mailed his customers pure Fentanyl, leading to their overdosing.

15. The Criminal Court acknowledged the Defendants' concession: "I'm not going to assume there's an allegation that Mr. Broussard knowingly distributed the fentanyl even when it was distributed, nor that he had previously sought out and distributed fentanyl. I recognized that Mr. Hollenhorst has conceded for today's purpose that that evidence doesn't exist." (Detention Hearing Transcript, Doc No. 88). Also see Grand Jury Transcript ('GJT'), in which Defendant Olstad states that their investigation does not show that the Plaintiff knew he possessed Fentanyl (GJT at 33).

16. Despite the contradictory nature of the Defendants' theory of how the incidents occurred being apparent juxtaposed to the charging language of the indictment, the Defendants insisted that the Plaintiff is not actually innocent because he nonetheless intended to distribute a 'Controlled Substance Analogue.' They insist that 4-FA is a 'Controlled Substance Analogue.'

17. Defendant Nelson agreed with the theory asserting that the Plaintiff "can be guilty of the controlled substance fentanyl crime even if [Broussard] believed [he] was distributing 4-FA rather than a listed drug. The Analogue Act provides that an analogue can be treated as a controlled substance for purposes of 'any' federal law (Motions Hearing, Doc No. 69 at 10).

18. There's a flaw with that premise of law. The Fentanyl counts did not allege Analogue Act violations. Consequently, it is presumed that a grand jury did not determine whether 4-FA met the statutory definition of a 'Controlled Substance Analogue', nor whether the Plaintiff intended it for human consumption, in respect to 21 USC 802(32)(A) and 813.

19. In fact, the grand jury did not make such determinations as the transcript exemplifies as follows: Defendant Olstad asserted to the grand jury that "those chemicals were, in fact, drugs as well as analogues of drugs" (GJT at 19) and for human consumption (GJT at 17). Ultimately, the Defendants had usurped the grand jury's role as independent finders of

Probable Cause by failing to present evidence of how the chemical compounds met the statutory definition of a Controlled Substance Analogue and how the Plaintiff intended the item for consumption.

20. Plainly speaking, the grand jury was left with nothing to deliberate because the Defendants' statements instructed the grand jury that the Plaintiff had committed the crimes. Such conclusory descriptions did not present facts that would aid an independent determination of a fair probability of criminality.

21. The Defendants' enforcement of this theory of guilt began pre-Indictment when concerning the Grand Jury proceedings, and the Search and Seizure Warrants/Affidavits (Motions order, Doc No. 69 at 21; Exhibits', Doc Nos. 52-53); continued throughout the pretrial process concerning Evidentiary Rulings (e.g.; Court order, Doc No. 187), to Trial in where they declared that the Plaintiff "got a bad batch. Does it matter that he [didn't know] he distributed fentanyl [..]? Absolutely not." (Trial Transcript at 44).

21. Further, evidence of 4-FA's similarities to illegal drugs were presented at trial and the Jury was instructed to render a guilty verdict if the Plaintiff Knowingly and Intentionally Conspired, Imported, Possessed, Distributed "a controlled substance (including a controlled substance analogue, that he intended for human consumption)" (Final Jury Instructions, Doc No. 210 at 13, 16-17, 19-20).

22. By their actions, the Defendants Constructively Amended the Indictment. This occurs when the essential elements of an offense as charged in the indictment is altered in such a manner -often through the evidence presented or the jury instructions- that the jury is allowed to convict a defendant of an offense different from or in addition to the offenses charged, in violation of the Fifth Amendment's right not to be held for an infamous crime, unless on an Indictment of a Grand Jury.

23. In spite of their pretrial declaration that if the Plaintiff chooses to "raised the defense that he thought the substance he was distributing was 4-FA" the Defendants would amend the jury instructions with elements associated with the Analogue Act in addition to the elements for the Fentanyl (Gov't Reply Brief, Doc No. 61 at 2), the Defendants began to assert that their theory for establishing guilt does not constitute constructive amendments of the Indictment as it does not modify the Fentanyl offenses charged through the introduction of elements not originating within the Indictment. (Motions order, Doc No. 69 at 13-140).

24. Postconviction, this premise of law continues to violate the Plaintiff's liberty interests in utilizing procedures and obtaining warranted relief.

## VI. CLAIMS OF RELIEF

Violation of the 5th Amendment - Due Process

25. Plaintiff realleges and incorporates by reference all preceding paragraphs.

Violation of the 1st Amendment - Overbreadth

26. Plaintiff realleges and incorporates by reference all preceding paragraphs.

## IIV. PRAYER FOR RELIEF

A. Declare the Analogue Act is unconstitutional as applied to the Plaintiff.

B. Permanently enjoin Defendants from enforcing the Analogue as applied to the Plaintiff.

C. Award Plaintiff the costs of this action and reasonable attorney fees.

D. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted:

/s/ Broussard

_____

Aaron Rhy Broussard, pro se

Fed Reg No. 20944-041

USP Victorville

PO Box 3900

Adelanto, CA 92301